NO. 416-01244-2013

| | | |
|---|---|---|
| **AMY DORSEY** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | 416 JUDICIAL DISTRICT |
| | § | |
| **TARGET CORPORATION d/b/a** | § | |
| Target Store #T2550 and/or d/b/a | § | |
| Wylie Super Target | § | |
| *Defendant.* | § | COLLIN COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>
<u>**and REQUEST FOR DISCLOSURE**</u>

FILED 13 APR -1 PM 3:10
ANDREA A. STROH THOMPSON
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** AMY DORSEY (hereinafter/sometimes called "Plaintiff"), complaining of and about TARGET CORPORATION d/b/a Target Store #T2550 and/or d/b/a Wylie Super Target (hereinafter/sometimes called "Target" or "Defendant"), and for cause of action would show unto the Court the following:

**I.**
**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 3. Plaintiff affirmatively pleads that discovery should be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff respectfully requests that the Court enter a Level 3 Discovery Order setting forth: (i) a date for trial; (ii) a discovery period during which either all discovery must be conducted or all discovery requests must be served; (iii) deadlines for amending or supplementing pleadings; and (iv) deadlines for designating expert witnesses.

## II.
## PARTIES AND SERVICE

2. Plaintiff, AMY DORSEY, is an Individual who resides in Wylie, Texas.

3. Defendant TARGET CORPORATION d/b/a Target Store #T2550 and/or d/b/a Wylie Super Target, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corporation System, at 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75201-4234, its registered office. Service of said Defendant as described above can be effected by personal delivery or by Certified Mail, Return Receipt Requested.

## III.
## JURISDICTION AND VENUE

4. The amount in controversy is within the jurisdictional limits of this court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000.00 but not more than $200,000.00, and Plaintiff demands judgment for all the other relief to which she is deemed entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

5. This court has jurisdiction over Defendant TARGET CORPORATION, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over TARGET CORPORATION will not offend traditional notions of fair play and substantial justice and is consistent with the

constitutional requirements of due process. Plaintiff would show that Defendant TARGET CORPORATION had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

6. Furthermore, Plaintiff would show that Defendant TARGET CORPORATION engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

7. Venue in Collin County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

8. On or about March 31, 2011, AMY DORSEY went to the Target Store located at 3440 W. FM 544, Wylie, TX 75098, during normal business hours to shop for and purchase items. The Target Store located at 3440 W. FM 544, Wylie, TX 75098 where Plaintiff went to shop was owned, controlled and/or operated by Defendant TARGET CORPORATION.

9. After entering onto Defendant's premises, Plaintiff suddenly, and without warning, slipped on a liquid substance that was on the floor inside the Target store and fell, forcefully striking her body on the ground. At all times material hereto, there were no signs and/or other warnings posted or otherwise given to alert Plaintiff of the unreasonably dangerous condition consisting of a slippery liquid substance on the floor where Plaintiff

fell.

10. As a result of the fall, Plaintiff sustained serious personal injuries. Plaintiff's doctors identified several injuries which required medical treatment.

11. At all times material hereto, Defendant was the owner, possessor, occupier and/or maintained control of the premises located at 3440 W. FM 544, Wylie, TX 75098. As owner, possessor, occupier and/or controller of the premises, Defendant had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm, including the area of the premises where Plaintiff was injured.

12. Defendant, as owner, possessor, controller, occupier and/or agent of said owner, possessor, controller, and/or occupier of the subject premises located at 3440 W. FM 544, Wylie, TX 75098, owed Plaintiff a duty to exercise reasonable care for her safety.

13. All of Plaintiff's injuries occurred as a direct result of the fall that was proximately caused by the unreasonably dangerous condition described herein, which Defendant knew existed, or, in the use of ordinary care, should have known existed.

## V.
## PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR
## AGAINST TARGET CORPORATION

14. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-13 above as if same were fully set forth at length herein.

15. Based on information and belief, at the time of Plaintiff's fall and her resulting injuries and immediately prior thereto, various managers and/or store employees were acting within the course and scope of their employment with Defendant.

16. On further information and belief, at the time of Plaintiff's fall and her resulting injuries and immediately prior thereto, various managers and/or store employees were engaged in the furtherance of Defendant's business.

17. Also on information and belief, at the time of Plaintiff's fall and her resulting injuries and immediately prior thereto, various managers and/or store employees were engaged in accomplishing a task for which they were employed by Defendant.

18. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant TARGET CORPORATION.

19. Defendant, by and through its agents, servants and/or employees, is liable to Plaintiff for failing to furnish sufficient warnings to make Plaintiff aware of the location of the unreasonably dangerous condition inside of the subject Target Store, and for failing to exercise reasonable care for Plaintiff's safety.

## VI.
## LIABILITY OF DEFENDANT TARGET CORPORATION
## PREMISES LIABILITY or NEGLIGENT ACTIVITY

20. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-19 above as if same were fully set forth at length herein.

PREMISES LIABILITY

21. Defendant, at the time of the incident complained of herein, as owner, possessor, controller, occupier and/or agent of said owner, possessor, controller and occupier of the premises, owed to Plaintiff a non-delegable duty to maintain its premises in a safe condition. Moreover, upon information and belief, Defendant as owner, possessor, controller, occupier and/or agent of said owner, possessor, controller and occupier of said

premises, knew or should have known of the unreasonably dangerous condition created by slippery liquid substance on the floor inside Defendant's premises, and Defendant neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

22. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to her fall. Defendant's creation of the dangerous condition, failure to correct the condition and/or failure to warn Plaintiff of the condition constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

NEGLIGENT ACTIVITY

23. Alternatively, Plaintiff would show Defendant, through its agents, servants and/or employees, was negligent on the occasion in question by causing and/or creating an unreasonably dangerous condition to exist by engaging in a negligent activity on the premises. In order to prove her claim for negligent activity, Plaintiff would show that her injuries resulted from a "contemporaneous activity itself rather than from a condition created on the premises by the activity..." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006) citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.10992).

24. Plaintiff alleges that, upon the occasion in question, Defendant, as owner, possessor, controller, occupier and/or agent of said owner, possessor, controller and/or occupier of the premises, failed to use ordinary care by various acts and omissions in at least the following ways:

a. Failing to exercise ordinary care;

b. Failing to warn;

    c.    Creating and causing an unreasonably dangerous condition;

    d.    Failure to use reasonable care in supervising its employees; and

    e.    Failure to recognize and correct an unreasonably dangerous activity.

## VII.
## PROXIMATE CAUSE

25.    Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-24 above as if same were fully set forth at length herein.

26.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## DAMAGES FOR PLAINTIFF, AMY DORSEY

27.    Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-26 above as if same were fully set forth at length herein.

28.    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff was seriously injured and has sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of this Court:

        A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were provided;

B.   Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Mental anguish in the past;

E.   Physical pain and suffering in the future;

F.   Mental anguish in the future;

G.   Physical impairment in the past;

H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past;

J.   Loss of earning capacity;

K.   Disfigurement in the past; and

L.   Disfigurement in the future.

29.   By reason of the above Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## IX.
## MISNOMER, ALTER-EGO and ASSUMED NAME

30.   In the event any party is misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such party is/was the "alter ego" of the party named herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendant herein.

## X.
## DISCOVERY

31. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2(a-l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, AMY DORSEY, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Geoffrey E. Schorr
Texas Bar No. 24029828
A. Jared Aldinger
Texas Bar No. 24068456
**SCHORR LAW FIRM, PC**
328 W. Interstate 30, Suite 2
Garland, TX 75043
Tel. (972)226-8860
Fax. (972)226-9787

**ATTORNEYS FOR PLAINTIFF**